UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Case No. 16-16532-LMI
Chapter 7

OSMANI DAVID MARTINEZ
YAMILKA CHAMIZO MARTINEZ

Debtors.
_______________________________________/

**MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY**

**Any interested party who fails to file and serve a written response to this motion within fourteen (14) calendar days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Secured Creditor, SPACE COAST CREDIT UNION ("Space Coast"), as successor in interest by merger to Eastern Financial Florida Credit Union, by and through undersigned counsel, pursuant to 11 U.S.C. § 362(d) and S.D. Fla. L.R. 4001-1, moves for relief from the automatic stay, and as grounds states:

1. On May 5, 2016 ("Petition Date"), the Debtors, OSMANI DAVID MARTINEZ and YAMILKA CHAMIZO MARTINEZ ("Debtors"), filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code.

2. Space Coast is the owner and holder of a promissory note (the "Note") and first mortgage (the "Mortgage") in real property located at 3973 West 9th Lane, Unit 3, Hialeah, FL 33012 (the "Property"), described as follows:

> UNIT NO. 3, OF OASIS EN MANGO HILL CONDOMINIUM, (MANGO HILL CONDOMINIUM NO. XV), ACCORDING TO THE DECLARATION OF CONDOMINIUM FILED MAY 26, 1983 UNDER CLERK'S FILE NO. 83R-137188 AND RECORDED IN OFFICIAL RECORDS BOOK 11800 AT PAGE 2133, OF THE PUBLIC RECORDSOF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT

THERETO, ALL ACCORDING TO THE DECLARATION OF CONDOMINIUM AND EXHIBITS ATTACHED THERETO, AS AMENDED.

3. Co-Debtor, OSMANI ALEJANDRO MARTINEZ ("Co-Debtor"), is a co-signor on Mortgage. The Note and Mortgage are dated May 16, 2008. The Mortgage is duly recorded in the Public Records of Miami-Dade County, Florida at Official Record Book 26392, Page 4262. A review of the public records demonstrates that the Property does not secure any other debts superior to Space Coast's Mortgage. A true copy of the Note, Mortgage and Certificate of Merger (collectively, "Loan Documents") are attached hereto as composite **Exhibit "A."**

4. As of the Petition Date, the amount due and owing is $92,909.91 (not inclusive of attorney's fees and costs) and interest continues to accrue on this post-petition at $14.48 per day, as more particularly set forth in the Affidavit of Indebtedness attached hereto as **Exhibit "B."**

5. The market value of the Property has been appraised at $121,000.00 as of July, 2016. Based on the valuation obtained by Space Coast, the Debtors and Co-Debtor likely have little equity in the Property encumbered by Space Coast's Mortgage. The valuation was determined by the Real Quest ValuePoint 4, a copy of which report is attached hereto as **Exhibit "C."**

6. According to the Debtor's Statement of Intentions, the Debtor intends to retain the Property [D.E. 1, p. 54]; however, the Debtors and Co-Debtor have failed to make any payments on the Loan Documents since July 1, 2015, and have failed to make any payments since this bankruptcy was filed or to otherwise provide Space Coast with adequate protection

7. The Debtors and Co-Debtor have failed to make any payments on the Mortgage since July 1, 2015, and the Debtors has failed to make any payments since this bankruptcy was filed or to otherwise provide Space Coast with adequate protection.

8. Space Coast moves for relief from stay under 11 U.S.C. § 362(d) to enforce its *in rem* rights against its collateral. Section 362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). A debtor's failure to make regular payments as they become due constitutes sufficient "cause" to lift the automatic stay. *See In re Heath,* 79 B.R. 616, 617 (Bankr.E.D.Pa.1987); s*ee also In re Taylor,* 151 B.R. 646, 648 (E.D.N.Y.1993) ("debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay"). "This is particularly true where a debtor lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor." *In re Schuessler*, 386 B.R. 458, 481 (Bankr.S.D.N.Y.2008).

9. Further, it is undisputed that the "concept of adequate protection is intended to protect a creditor's interest in collateral." *In re Dunes Casino Hotel*, 69 B.R. 784, 793 (Bankr.D.N.J.1986); *see also In re Gallegos Research Group*, 193 B.R. 577, 584 (Bankr.D.Colo.1995) (holding that adequate protection means that "the value of [a] creditor's interest in the collateral must be protected from diminution while the property is being used or retained in the bankruptcy case").

10. As of the date of this Motion, Space Coast has advanced approximately **$5,655.02** in escrows for real property taxes and insurance and is force-placing insurance on the Property to Space Coast's detriment. It is well established that "adequate insurance is an element of adequate protection, the absence of which constitutes grounds from automatic stay." *Suggs v. Regency Fin. Corp. (In re Suggs)*, 354 B.R. 903, 912 (Bankr.W.D.Mo.2006); *see also In re Planned Systems, Inc.*, 78 B.R. 852, 863 (Bankr.S.D.Ohio 1987) (evidence that collateral, with a few exceptions, is completely uninsured compels conclusion that the debtor has failed to adequately protect the secured creditor's interest in the collateral); *In re Heinzeroth*, 40 B.R. 518, 520 (Bankr.E.D.Pa.1984) ("[a] debtor who fails to provide insurance coverage is not entitled to the

protection of the automatic stay under § 362(d)(1)”); *In re Ausherman*, 34 B.R. 393, 394-95 (Bankr.N.D.Ill.1983) (holding that a failure to keep the mortgaged premises insured is cause of lifting the stay for lack of adequate protection).

11. Continuation of the automatic stay will necessarily cause further harm to Space Coast’s interests and unreasonable delay to enforce its *in rem* rights concerning the Property. Accordingly, Space Coast is entitled to prompt relief from stay to resume the state court foreclosure proceedings and recover the amounts set forth in the Affidavit of Indebtedness, attached hereto as **Exhibit “B.”**

12. Space Coast Credit Union’s post-petition payment address is: 8045 N. Wickham Road, Melbourne, Florida 32941-9001.

13. Space Coast has retained the legal services of Blaxberg, Grayson, Kukoff & Forteza, P.A., and is indebted to said attorneys to pay them a reasonable attorneys’ fee. Space Coast prays that this Court award it reasonable attorneys’ fees incurred in its collections efforts in Bankruptcy Court, with the amount to be determined by the state court during the pending foreclosure proceedings.

**WHEREFORE**, for the reasons more particularly stated herein, Space Coast Credit Union respectfully requests the Court enter an Order: (i) granting Space Coast relief from the automatic stay under 11 U.S.C. § 362(a) so it may pursue its *in rem* rights against the Property, and granting such other and further relief as the Court deems just and proper.

Dated: August 5, 2016

**BLAXBERG, GRAYSON, KUKOFF & FORTEZA, P.A.**
*Attorneys for Space Coast Credit Union*
25 SE Second Avenue, Suite 730
Miami, Florida 33131
Phone: (305) 381-7979 x 333
Fax: (305) 371-6816
Isabel.colleran@blaxgray.com

By: /s/ *Isabel V. Colleran*

Isabel V. Colleran, Esq.

Fla. Bar No. 450472

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 5, 2016, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and by U.S. Mail to the following:

| | |
|---|---|
| Osmani David Martinez<br>Yamilka Chamizo Martinez<br>*Debtors*<br>645 W 73rd Place<br>Hialeah, FL 33014-4828 | Robert Sanchez, Esq.<br>*Counsel for Debtor*<br>355 W 49 St.<br>Hialeah, FL 33012<br>court@bankruptcyclinic.com |
| Joel L. Tabas,<br>*Chapter 7 Trustee*<br>14 NE 1 Ave PH<br>Miami, FL 33132<br>JLT@tfsmlaw.com | Jessika A. Graham, Esq.<br>*Counsel for Chapter 7 Trustee*<br>14 NE 1 Ave, PH<br>Miami, FL 33132<br>jarce@tabasfreedman.com |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130<br>USTPRegion21.MM.ECF@usdoj.gov | |

By: /s/ Isabel V. Colleran
Isabel V. Colleran, Esq.
Fla. Bar No. 450472